JOHN H. DONBOLI (SBN: 205218)
jdonboli@delmarlawgroup.com
JL SEAN SLATTERY (SBN: 210965)
sslattery@delmarlawgroup.com
DEL MAR LAW GROUP, LLP
12250 El Camino Real, Suite 120
San Diego, CA 92130
Telephone: 858-793-6244
Facsimile:  858-793-6005

CHARLES J. LADUCA
charles@cuneolaw.com
CUNEO GILBERT & LADUCA, LLP
8120 Woodmont Avenue, Suite 810
Bethesda, MD 20814
Telephone: 202-789-3960
Facsimile: 202-589-1813

Attorneys for Plaintiff Chris Howe, an individual, and on behalf of all others similarly situated

[Additional Counsel Listed on Next Page]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| CHRIS HOWE, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>MCDONALD'S CORPORATION, a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>          Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR: VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW, FALSE ADVERTISING LAW AND CONSUMERS LEGAL REMEDIES ACT; BREACH OF EXPRESS WARRANTY AND UNJUST ENRICHMENT**<br><br>**Jury Trial Demanded** |

1

COMPLAINT

1   BENJAMIN D. ELGA
    belga@cuneolaw.com
2   TAYLOR ASEN
    tasen@cuneolaw.com
3   CUNEO GILBERT & LADUCA, LLP
    16 Court Street, Suite 1012
4   Brooklyn, NY 11241
    Telephone: 202-789-3960
5   Facsimile:  202-589-1813

6   AMY BOYLE
    boyle@halunenlaw.com
7   MELISSA W. WOLCHANSKY
    wolchansky@halunenlaw.com
8   HALUNEN LAW
    1650 IDS Center
9   80 South Eighth Street
    Minneapolis, MN 55402
10  Telephone: 612-605-4098
    Facsimile: 612-605-4099
11

12  Attorneys for Plaintiff Chris Howe, an individual, and on behalf

13  of all others similarly situated

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

Plaintiff Chris Howe ("Plaintiff") alleges the following against McDonald's Corporation ("McDonald's" or "Defendant") upon personal knowledge as to his own transactions and upon information and belief as to all other matters.

## PRELIMINARY STATEMENT

1.      In the middle of 2015, McDonald's began selling a product it styled as "Mozzarella Sticks" (the "Sticks" or "McDonald's Mozzarella Cheese Sticks") in its Wisconsin restaurants. Recently, McDonald's began selling the Sticks nationwide, including in California.

2.      In addition to suggesting that these products contain mozzarella by labeling them "mozzarella sticks," McDonald's advertises them as being made with "pure mozzarella," "real mozzarella," and "100% real cheese."

3.      In fact, McDonald's "Mozzarella" Cheese Sticks are adulterated and misbranded. The Sticks are filled with a substance that is composed (in part) of starch, in violation of the federal standards of identity for "mozzarella" cheese, and contrary to reasonable consumers' expectations regarding the meaning of the term "mozzarella."

4.      Rather than solely containing cheese, the Sticks contain an admixture of various substances. In particular, McDonald's has used starch as a cheap substitute and filler. Due to starch's ability to hold moisture, a small amount can be introduced into a mixture to add bulk and weight at a fraction of the cost of real

COMPLAINT

cheese. Upon information and belief, McDonald's has been able to cut costs of production by limiting its reliance on actual dairy products necessary to make mozzarella, contrary to what the law requires for products labeled as "mozzarella."

5. Labels matter. Relying on McDonald's representations about the Sticks, and the self-evident proposition that a product called "mozzarella" will be mozzarella cheese, consumers have been misled *en masse* into purchasing the Sticks.

6. In other words, by adding starch to its Sticks, McDonald's fraudulently, misleadingly, and deceptively adulterated the supposed "mozzarella" of its product. Its reasons for doing so are self-evident: inserting filler in its Sticks allows McDonald's to save money and increase its profit.

7. Defendant's labeling and advertising is misleading, deceptive, unfair, and fraudulent. It also violates, among other laws, California's Unfair Competition Law ("UCL"), California's False Advertising Law ("FAL"), and California's Consumers Legal Remedies Act ("CLRA").

## PARTIES

8. Plaintiff Chris Howe resides in Riverside County, California. On December 24, 2015 he purchased and consumed an order of McDonald's Mozzarella Sticks from a McDonald's located at 34101 Monterey Avenue, Rancho

4

Mirage, California. He would not have purchased the Sticks if he had known they were misbranded and adulterated.

9.      Defendant McDonald's Corporation is a citizen of Delaware with its corporate offices and principal place of business located at One McDonald's Plaza, Oak Brook, Illinois 60523.

10.     Defendant sells its Sticks through its retail locations and franchise locations throughout the United States, including in California.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this action under 28 U.S.C. § 1332(d), because this is a class action in which: (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (2) members of the proposed class are citizens of a State different from McDonald's principal place of business and place of incorporation; and (3) the number of members of the class is greater than 100.

12.     Because a substantial portion of the wrongdoing alleged herein occurred in California, this Court has personal jurisdiction over Defendant. Defendant also has sufficient minimum contacts with California and has otherwise intentionally availed itself of the markets in California through the promotion, marketing, and sale of products sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

COMPLAINT

13.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) and (3), because: (1) a substantial part of the events or omissions giving rise to these claims occurred in this District; (2) a substantial part of the property that is the subject of this action is situated in this District; and (3) Defendant is subject to the Court's personal jurisdiction with respect to this action.

## THE REGULATIONS CONCERNING COMPOSITION AND LABELING OF MOZZARELLA

14.     The definition of "food" under the Federal Food, Drug, and Cosmetic Act ("FDCA"), includes "articles used for food or drink." 21 U.S.C. § 321(f). The FDCA strictly prohibits the "adulteration or misbranding" of food. 21 U.S.C. § 331. A food is misbranded if it has a label that is false and misleading in any particular. 21 U.S.C. § 343. By contrast, a food is adulterated, among other things:

(1) If any valuable constituent has been in whole or in part omitted or abstracted therefrom; or (2) if any substance has been substituted wholly or in part therefor; or (3) if damage or inferiority has been concealed in any manner; or (4) if any substance has been added thereto or mixed or packed therewith so as to increase its bulk or weight, or reduce its quality or strength, or make it appear better or of greater value than it is.

21 U.S.C. § 342(b).

COMPLAINT

15.     Federal regulations provide "standards of identity" for various foods. A food that "purports to be or is represented as" a food with a standard of identity, but which in fact does not conform to such a standard, is illegally misbranded. 21 CFR § 343(g).

16.     Under federal law—and by incorporation, California law—"a food does not conform to the definition and standard of identity if it contains an ingredient for which no provision is made in such definition and standard, unless such ingredient is an incidental additive introduced at a nonfunctional and insignificant level . . . ." 21 CFR § 130.8.

17.     Mozzarella, like other, valuable dairy products, has a federal standard of identity. *See* 21 CFR § 133.155. The regulation defining "mozzarella cheese and scamorza cheese" sets forth in detail the manner in which cheese labeled as "mozzarella" must be made.[1] It also permits mozzarella cheese to contain the following "optional ingredients":

> (1) Dairy Ingredients. Cow's milk, nonfat milk, or cream, as defined in Section 133.3, or the corresponding products of water buffalo origin, except that cow's milk products are not combined with water buffalo products.

---

[1] Plaintiff reserves the right to amend these allegations to include violations of the manufacturing regulations, subject to discovery.

COMPLAINT

(2) Clotting Enzymes. Rennet and/or other clotting enzymes of animal, plant or microbial origin.

(3) Other optional ingredients.

    (i) Vinegar.

    (ii) Coloring to mask any natural yellow.

    (iii) Salt.

    (iv) Antimycotics, the cumulative levels of which shall not exceed current good manufacturing practice, may be added to the cheese during the kneading and stretching process and/or applied to the surface of the cheese.

21 CFR § 133.155(b).

18.    Ingredients which are not listed as optional or necessary under a standard of identity are *not permitted* to be included in products purporting to have that identity. By way of illustration, on December 18, 2002, the FDA sent a letter to Kraft discussing the illegality of misbranding/adulterating cheese based on the introduction of a non-permitted ingredient. Kraft had been using milk protein concentrate ("MPC") as an ingredient in certain of their products they labeled as cheese. Among other things, that letter clearly announced that the introduction of MPC was illegal—and constituted illicit misbranding—*because* "MPC is not listed

8

COMPLAINT

as an optional dairy ingredient in any of the standardized cheese products governed by a standard of identity, and therefore standardized cheese products are not permitted to contain MPC as an ingredient."

19.     Starch is not a permitted ingredient of mozzarella under the legal definition of that product. Nor would a reasonable consumer believe that a product purporting to contain "mozzarella" would include starch. The inclusion of starch in a product purporting to be "mozzarella" therefore constitutes a violation of federal food labeling law.

20.     California's Sherman Law expressly adopted the federal labeling requirements as its own, stating "[a]ll food labeling requirements and any amendments to those regulations adopted pursuant to the federal act . . . shall be the food regulations of this state." Cal. Health & Safety Code § 110100. *See also* Cal. Health & Safety Code §§ 110660, 110665 and 110670 (prohibiting misbranded food); Cal. Health & Safety Code § 110620 (prohibiting adulterated food).

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT

# FACTUAL ALLEGATIONS

**A.** **The "Mozzarella" Sticks**

21.    Mozzarella sticks are battered or breaded mozzarella that has been deep fried. Often served with a condiment, mozzarella sticks are a ubiquitous and popular appetizer at American restaurants.

22.    There is no impediment to using real mozzarella in mozzarella sticks, and in fact, reasonable consumers believe that items labeled mozzarella sticks are nothing more than real mozzarella with breaded coating.

23.    In the summer of 2015, McDonald's began selling "Mozzarella" Sticks in McDonald's restaurants located in the state of Wisconsin, and shortly thereafter began selling them nationwide.

24.    McDonald's advertising highlights the "real," "pure" or "100% real" nature of the cheese contained in the Sticks. Under any reasonable interpretation of the below advertisements, consumers would be led to believe that the Sticks contained mozzarella cheese that comports with their understanding of what mozzarella is, and that conforms to relevant federal and state law.

/ / /

/ / /

/ / /

/ / /

COMPLAINT

25.     Across the country, McDonald's has begun advertising the Sticks as containing real mozzarella cheese. Below is an example of the campaign:



26.     In addition to calling the product "Mozzarella" Sticks—and thereby intimating that the product contains *mozzarella* cheese—the container in which the Sticks are served states that the product is "made with real mozzarella":

/ / /

/ / /

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



17      27.     These representations are part and parcel of a larger strategy on

18  McDonald's part to rebrand as healthier. Key to this effort has been a campaign to

19  introduce more "real" food products to the menu. Ironically, McDonald's website

20  contains the claim that: "In September 2013, McDonald's Corporation partnered

21  with the Clinton Foundation and the Alliance for a Healthier Generation to

22

23  announce a global commitment that includes McDonald's top 20 markets. Through

24

25  that commitment, we will use our size and scale to help educate, empower and

26

27

28

COMPLAINT

encourage our customers to make informed, nutrition minded choices by the year 2020."

28.    McDonald's efforts to "educate, empower and encourage [their] customers to make informed . . . choices" have, by design or otherwise, in fact resulted in deceptive, misleading business practices, like peddling a misbranded/adulterated dairy product: the Sticks.

29.    McDonald's charges approximately $1.29 for three "Mozzarella" Sticks, which together weigh approximately 2.3 ounces.

30.    In fact, the substance within the breading is not mozzarella at all: it is an adulterated cheese, containing both permitted dairy products and filler or adulterated substances, including starch.

31.    By removing each end of the Sticks, and taking a sample from their cores, it is possible to test *only* the central filling—the area advertised and purporting to be "Mozzarella." An illustration of the procedure by which the samples were obtained is shown below:



Sample area, avoiding
contamination by coating

COMPLAINT

32.     Testing the core "mozzarella" cheese of the Sticks reveals that the substance contained within their breading is not mozzarella cheese at all. It contains non-permitted substances which render it outside the standard of identity of mozzarella cheese, *inter alia*, starch.

33.     The samples taken from within the Sticks contain 3.76% percent starch by weight. Because of starch's moisture-holding properties, the total percentage of *permitted* mozzarella ingredients by weight is thereby reduced substantially. In other words, the starch becomes a cheap substitute for permitted ingredients, and a vehicle for an *even* cheaper ingredient: water.

34.     Plaintiff's investigation has confirmed that starch in the center of the Sticks could not have migrated from the coating of the Sticks, and was present in the "cheese" portion of the Sticks.

35.     This renders the overall substance misbranded and adulterated, in contravention of federal regulations and California law. The entire contents of the Sticks cannot, under applicable law, be considered mozzarella.

36.     Additionally, the admixture of ingredients which McDonald's advertises as "real" or "pure" mozzarella is, in fact, composed of elements which are not permitted, and thus consumers are denied the reasonably expected amount of cheese per Stick.

COMPLAINT

37.     Relying on representations about the contents of the Sticks, consumers have been misled *en masse* into purchasing an inferior, misbranded, adulterated, and under-filled product, containing cheap substitutes to give the appearance of bulk and real cheese.

38.     Such acts of misbranding result in consumers suffering a pecuniary loss by paying more for a product than they otherwise would have, or by purchasing a product they would not have absent the false, misleading, and deceptive advertising/labeling. At minimum, consumers purchased the Sticks believing their entire contents (within the breading) to be cheese. To the extent that McDonald's has used starch to increase the perceived amount of cheese in each Stick, consumers have suffered a pecuniary loss in the amount of displaced cheese that would be required to fill the Sticks.

39.     These acts also harm competitors, and the dairy industry, by marketing an inferior, adulterated/misbranded product, in place of actual mozzarella cheese.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the following class:  All persons in California who purchased McDonald's Mozzarella Cheese Sticks (the "California Class").

COMPLAINT

41.     Additionally, Plaintiff seeks to certify a class pursuant to Federal Rule of Civil Procedure 23(b)(2) & 23(b)(3) on behalf of the following class:  All consumers residing in the United States (the "Nationwide Class").

42.     Additionally, Plaintiff seeks to certify a class pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the following class:

> All consumers who purchased McDonald's Mozzarella Cheese Sticks in Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Georgia, Hawaii, Idaho, Illinois, Indiana, Kansas, Kentucky, Maine, Massachusetts, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, or Wyoming during the applicable liability period (the "Multi-State Class").

43.     The following persons are expressly excluded from the Classes: (i) Defendant and its subsidiaries and affiliates, (ii) all persons who make a timely election to be excluded from the proposed Class, (iii) governmental entities, and (iv) the Court to which this case is assigned and its staff.

COMPLAINT

44.     **Numerosity.** The Class comprises thousands of consumers throughout California and the nation. The Classes is so numerous that joinder of all members is impracticable.

45.     **Commonality and Predominance.** Common questions of law and fact exist as to Plaintiff and the Classes and predominate over any questions that affect only individual Classes members. These common questions of law and fact include, without limitation:

(a)     Whether the Mozzarella Cheese Sticks contain "mozzarella," as that term is defined by federal law;

(b)     Whether labeling and advertising the Mozzarella Cheese Sticks as "mozzarella" violated California law;

(c)     Whether consumers of Mozzarella Cheese Sticks suffered a pecuniary harm; and,

(d)     Whether Defendant was unjustly enriched by its deceptive practices.

46.     **Typicality.** Plaintiff's claims are typical of the claims of Classes members. Plaintiff and the Classes sustained damages arising out of Defendant's common course of conduct in violation of law, as described herein. The damages of each Class member were caused directly by Defendant's unlawful and deceptive conduct.

COMPLAINT

47. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Classes because they share common injuries as a result of Defendant's conduct that is common to all Class members. Plaintiff has no interests adverse to the interests of absent Class members. Plaintiff has retained counsel with substantial experience and success in the prosecution of complex class action and consumer protection litigation. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Classes, and have the financial resources to do so.

48. **Superiority.** A class action is superior to other methods of fairly and efficiently adjudicating this litigation. While not inconsequential, the damages as to any individual litigant are such that individual litigation is not feasible. Furthermore, many Class members may not even be aware that they have a claim. Accordingly, for Class members, a class action is the only mechanism by which they could reasonably expect to vindicate their rights.

49. The prosecution of separate actions by individual Class members would create a risk of inconsistent and varying adjudications concerning the subject of this action.

50. Class treatment of predominating common questions of law and fact is superior to multiple individual actions because it would conserve the resources of

COMPLAINT

the courts and the litigants, and further the efficient adjudication of Class member

claims.

51.    Plaintiff knows of no difficulty to be encountered in the management

of this action that would preclude its maintenance as a class action.

52.    Defendant has acted, or refused to act, in a manner that applies

generally to the Classes, such that final injunctive relief is appropriate as to the

Classes as a whole.

**CAUSES OF ACTION**

**COUNT I**
**California's Unfair Competition Law: Violation of the "Unlawful" Prong**
**Cal. Bus. & Prof. Code § 17200**
**(on behalf of the California Class)**

53.    Plaintiff repeats and re-alleges each of the above allegations.

54.    California's Unfair Competition Law prohibits any "unlawful, unfair,

or fraudulent" business practice. Cal. Bus. & Prof. Code § 17200. Defendant's

misrepresentations listed herein are "unlawful" under California law.

55.    A business practice is "unlawful" under the UCL if it violates any

other law or regulation.

56.    As explained herein, because the Sticks contain filler, in the form of

non-permitted ingredients for mozzarella cheese, the Sticks are misbranded in

violation of the law. 21 U.S.C. § 331; 21 C.F.R. § 101.9(g)(5). By extension,

COMPLAINT

Defendant's conduct runs afoul of California's Sherman Law. *See* Cal. Health & Safety Code § 110100.

57.     Defendant's conduct also violates various provisions of California's Consumers Legal Remedies Act, including Civil Code § 1770(a)(5), Civil Code § 1770(a)(7), and (3) Civil Code § 1770(a)(9).

58.     As a result of the conduct described above, Defendant has been, and will continue to be, unjustly enriched at the expense of Plaintiff and the other California Class members. Specifically, Defendant has been unjustly enriched by obtaining revenues and profits it would not otherwise have obtained absent its false, misleading, and deceptive practices.

59.     Plaintiff seeks to enjoin further unlawful, unfair, and/or fraudulent acts or practices by Defendant, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, and to obtain all other relief allowed under California Business & Professions Code § 17200.

**COUNT II**
**Violation of California's Unfair Competition Law: Violation of the "Unfair" Prong**
**Cal. Bus. & Prof. Code § 17200**
**(on behalf of the California Class)**

60.     Plaintiff repeats and re-alleges each of the above allegations.

61.     California's UCL prohibits any "unlawful, unfair, or fraudulent" business practice. Cal. Bus. & Prof. Code. § 17200. Defendant's

20

misrepresentations on the boxes, in stores, and in advertising of the Sticks are "unfair" under California law.

62.     A business practice is "unfair" under the UCL if the gravity of the harm to the victim outweighs the utility of the defendant's conduct.

63.     Defendant has violated, and continues to violate, the "unfair" prong of the UCL by misrepresenting the quality, kind, and amount of cheese contained in the Sticks.

64.     The gravity of the harm to Plaintiff and the other California Class members resulting from these unfair acts and practices outweighs any conceivable utility of Defendant's conduct.

65.     As a result of the conduct described above, Defendant has been, and will continue to be, unjustly enriched at the expense of Plaintiff and the other California Class members. Specifically, Defendant has been unjustly enriched by obtaining revenues and profits it would not otherwise have obtained absent its false, misleading, and deceptive practices.

66.     Plaintiff seeks to enjoin further unlawful, unfair, and/or fraudulent acts or practices by Defendant, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, and to obtain all other relief allowed under California Business & Professions Code § 17200.

/ / /

COMPLAINT

**COUNT III**
**Violation of California's Unfair Competition Law: Violation of the**
**"Fraudulent" Prong**
**Cal. Bus. & Prof. Code § 17200**
**(on behalf of the California Class)**

67.     Plaintiff repeats and re-alleges each of the above allegations.

68.     California's UCL prohibits any "unlawful, unfair, or fraudulent" business practice. Cal. Bus. & Prof. Code. § 17200. Defendant's misrepresentations and omissions on the boxes, in stores, and in advertising of on the labels of the Sticks listed herein are "fraudulent" under California law.

69.     A fraudulent business practice is one in which members of the public are likely to be deceived.

70.     Defendant has violated, and continues to violate, the "fraudulent" prong of the UCL by misrepresenting the Sticks as containing only real mozzarella cheese, when in fact they contain an adulterated/misbranded substance, or at minimum, less mozzarella cheese than Defendant represents. In so doing, Defendant deceives its customers into buying products they believe contain a quality, kind, and quantity of mozzarella cheese which they do not.

71.     As a result of the conduct described above, Defendant has been, and will continue to be, unjustly enriched at the expense of Plaintiff and the other California Class members. Specifically, Defendant has been unjustly enriched by

COMPLAINT

obtaining revenues and profits it would not otherwise have obtained absent its false, misleading, and deceptive practices.

72.     Plaintiff seeks to enjoin further unlawful, unfair, and/or fraudulent acts or practices by Defendant, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, and to obtain all other relief allowed under California Business & Professions Code § 17200.

**COUNT IV**
**Violation of California's False Adverting Law**
**(on behalf of the California Class)**

73.     Plaintiff repeats and re-alleges each of the above allegations.

74.     This cause of action is brought under California's False Advertising Law, California Business & Professions Code § 17500, *et seq.*

75.     The FAL prohibits the dissemination of any advertising which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading. Cal. Bus. & Prof. Code § 17500.

76.     Defendant engaged in a scheme of offering the Sticks for sale to Plaintiff and the members of the California Class by way of product packaging and labeling, and other promotional materials. These materials misrepresented the true contents and nature of Defendant's Sticks.

77.     As is explained herein, Defendant advertised, and continues to advertise, its products in a manner that was, and is, untrue and misleading.

COMPLAINT

78.     Defendant knew or should have known that its advertisements were and are misleading or likely to mislead for the reasons set forth above.

79.     Defendant's advertisements and inducements were made within California and come within the definition of advertising as contained in Business and Professions Code §17500, *et seq.* in that such product packaging and labeling, and promotional materials were intended as inducements to purchase Defendant's Sticks and are statements disseminated by Defendant to Plaintiff and the members of the California Class that were intended to reach the members of the California Class.

80.     Plaintiff suffered injuries in fact and losses of money or property as a result of Defendant's acts and practices, which violate § 17500, *et seq.*

## COUNT V
## Violation of the California Consumers Legal Remedies Act: Deceptive Advertising
## (on behalf of the California Class)

81.     Plaintiff repeats and re-alleges each of the above allegations.

82.     This cause of action is brought under the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*

83.     Plaintiff, as well as each member of the Class, constitutes a "consumer" within the meaning of Civil Code § 1761(d).

24

COMPLAINT

84.     Defendant's sale of the Sticks constitutes "transactions" within the meaning of Civil Code § 1761(e).  The merchandise purchased by Plaintiff and the Class members constitutes "goods" under Civil Code § 1761(a).

85.     Defendant's representations to Plaintiff and other members of the Class that they were receiving merchandise containing mozzarella cheese were false, in violation of the CLRA.  Specifically, Defendants' conduct violated, among others, (1) Civil Code § 1770(a)(7), which prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another" and, (2) Civil Code § 1770(a)(9), which prohibits "[a]dvertising goods or services with intent not to sell them as advertised."

86.     Under Civil Code § 1780(a)(2), Plaintiff, on behalf of himself and the Class, requests that this Court enjoin Defendant from continuing to engage in these unlawful and deceptive practices.

87.     Plaintiff also reserves the right to amend this Complaint to include a request for damages under the CLRA after complying with Civil Code § 1782(a) within thirty days after the commencement of this cause of action for injunctive relief.

/ / /

/ / /

COMPLAINT

## COUNT VI
### Breach of Express Warranty
### (on behalf of the Multi-State Class)

88.    Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

89.    Defendant, as the designer, manufacturer, marketer, distributor, or seller of the Sticks expressly warranted that the Sticks were "mozzarella" and "real mozzarella."

90.    Plaintiff and the Classes were the intended targets of such representations.

91.    Plaintiff and the Classes reasonably relied on Defendant's representations.

92.    Defendant's affirmations of fact and/or promises relating to their Sticks created express written warranties that the products would conform to Defendant's affirmations of fact and/or promises.

93.    Alternatively, Defendant's descriptions of its Sticks became part of the bases of the bargains, creating express written warranties that the products purchased by Plaintiff and the other Class members would conform to Defendant's descriptions and specifications.

94.    In fact, the Sticks purchased by Plaintiff and the Classes did not so conform.

COMPLAINT

95.     Defendant breached express warranties because the Sticks do not contain "mozzarella" or "real mozzarella."  Defendant breached the following state warranty laws:

A.     Alaska Stat. section 45.02.313;

B.     A.R.S. section 47-2313;

C.     A.C.A. section 4-2-313;

D.     Cal. Comm. Code section 2313;

E.     Colo. Rev. Stat. section 4-2-313;

F.     Conn. Gen. Stat. section 42a-2-313;

G.     6 Del. C. section 2-313;

H.     D.C. Code section 28:2-313;

I.     O.C.G.A. section 11-2-313;

J.     HRS section 490:2-313;

K.     Idaho Code section 28-2-313;

L.     810 ILCS 5/2-313;

M.     Ind. Code section 26-1-2-313;

N.     K.S.A. section 84-2-313;

O.     KRS section 355.2-313;

P.     11 M.R.S. section 2-313;

Q.     Mass. Gen. Laws Ann. ch. 106 section 2-313;

27

COMPLAINT

R.     Minn. Stat. section 336.2-313;

S.     Miss. Code Ann. section 75-2-313;

T.     R.S. Mo. section 400.2-313;

U.     Mont. Code Anno. section 30-2-313;

V.     Neb. Rev. Stat. section 2-313;

W.     Nev. Rev. Stat. Ann. section 104.2313;

X.     RSA 382-A:2-313;

Y.     N.J. Stat. Ann. section 12A:2-313;

Z.     N.M. Stat. Ann. section 55-2-313;

AA.   N.Y. U.C.C. Law section 2-313;

AB.   N.C. Gen. Stat. section 25-2-313;

AC.   N.D. Cent. Code section 41-02-30;

AD.   ORC Ann. section 1302.26;

AE.   12A Okl. St. section 2-313;

AF.   Or. Rev. Stat. section 72-3130;

AG.   13 Pa.C.S. section 2313;

AH.   R.I. Gen. Laws section 6A-2-313;

AI.    S.C. Code Ann. section 36-2-313;

AJ.    S.D. Codified Laws section 57A-2-313;

AK.   Tenn. Code Ann. section 47-2-313;

COMPLAINT

AL.   Tex. Bus. & Com. Code section 2.313;

AM.   Utah Code Ann. section 70A-2-313;

AN.   9A V.S.A. section 2-313;

AO.   Va. Code Ann. section 59.1-504.2;

AP.   Wash. Rev. Code Ann. section 62A.2-313;

AQ.   W. Va. Code section 46-2-313; and

AR.   Wyo. Stat. section 34.1-2-313.

96.     As a result of the foregoing, Plaintiff and the other Class members have suffered damages in that (1) the Sticks were not as warranted by Defendant, and (2) the Sticks were adulterated, and therefore contained less cheese than was warranted by Defendant.

97.     Within a reasonable time after they knew or should have known of such breaches, Plaintiff, on behalf of himself and the other Multi-State Class members, placed Defendant on notice thereof.

## COUNT VII
### Unjust Enrichment
### (on behalf of the Nationwide Classes)

98.     As a result of Defendant's unlawful and deceptive actions described above, a benefit was conferred on Defendant at the expense of Plaintiff and the Classes.

99.     Defendant appreciated and knew of this benefit.

COMPLAINT

100.   Under the circumstances, it would be against equity and good conscience to permit Defendant to retain the ill-gotten benefits that it received from Plaintiff and the Classes.

101.   Because Defendant's retention of the non-gratuitous benefit conferred on it by Plaintiff and all Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class members for its unjust enrichment, as ordered by the Court.

## **PRAYER FOR RELIEF**

Plaintiff, individually and on behalf of the Class, prays for judgment and relief against Defendant as follows:

A.   For an order certifying this case as a class action and appointing Plaintiff and Plaintiff's counsel to represent the Classes;

B.   For an order awarding, as appropriate, damages to Plaintiff and the Classes, including all monetary relief to which Plaintiff and the Classes are entitled under California law.

C.   For an order awarding restitutionary disgorgement to Plaintiff and the Classes;

D.   For an order awarding non-restitutionary disgorgement to Plaintiff and the Classes;

E.   For an order requiring Defendant to immediately cease and desist from selling its Sticks in violation of law; enjoining Defendant from continuing to manufacture, deliver, offer to deliver, market, advertise, distribute, and sell its Sticks in the unlawful manner described herein; and ordering Defendant to engage in corrective action;

COMPLAINT

F.    For an order awarding attorneys' fees and costs pursuant to, inter alia, California Code of Civil Procedure § 1021.5;

G.    For an order awarding pre-judgment and post-judgment interest as permitted by law; and

H.    For an order providing such further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Dated:    January 29, 2016        Respectfully submitted,


                          By:   /s/ *John H. Donboli*
                                John H. Donboli
                                JL Sean Slattery
                                DEL MAR LAW GROUP, LLP
                                12250 El Camino Real, Suite 120
                                San Diego, CA 92130
                                Attorneys for Chris Howe

                                Charles J. LaDuca
                                CUNEO GILBERT & LADUCA, LLP
                                8120 Woodmont Avenue, Suite 810
                                Bethesda, MD 20814
                                Attorneys for Chris Howe

                                Benjamin D. Elga
                                Taylor Asen
                                CUNEO GILBERT & LADUCA, LLP
                                16 Court Street, Suite 1012
                                Brooklyn, NY 11241
                                Attorneys for Chris Howe
                                Amy Boyle

31

COMPLAINT

Melissa W. Wolchansky
HALUNEN LAW
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Attorneys for Chris Howe

COMPLAINT