JOHN H. DONBOLI (SBN: 205218)
jdonboli@delmarlawgroup.com
CAMILLE JOY DECAMP (SBN:236212)
cdecamp@delmarlawgroup.com
DEL MAR LAW GROUP, LLP
12250 El Camino Real, Suite 120
San Diego, CA 92130
Telephone: 858-793-6244
Facsimile:  858-793-6005

CHARLES J. LADUCA
charles@cuneolaw.com
CUNEO GILBERT & LADUCA, LLP
8120 Woodmont Avenue, Suite 810
Bethesda, MD 20814
Telephone: 202-789-3960
Facsimile: 202-589-1813

Attorneys for Plaintiff Chris Howe, an individual, and on behalf of all others similarly situated

[Additional Counsel Listed on Next Page]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRIS HOWE, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>MCDONALD'S CORPORATION, a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>    Defendant. | Case No. 5:16-cv-00176-JGB-DTB<br><br>**CLASS ACTION**<br><br>**JOINT RULE 26 REPORT AND DISCOVERY PLAN** |

1

BENJAMIN D. ELGA
belga@cuneolaw.com
CUNEO GILBERT & LADUCA, LLP
16 Court Street, Suite 1012
Brooklyn, NY 11241
Telephone: 202-789-3960
Facsimile:  202-589-1813

MELISSA W. WOLCHANSKY
wolchansky@halunenlaw.com
HALUNEN LAW
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612-605-4098
Facsimile: 612-605-4099

Attorneys for Plaintiff Chris Howe, an individual, and on behalf of all others similarly situated

Case 5:16-cv-00176-JGB-DTB   Document 22   Filed 05/09/16   Page 3 of 16   Page ID #:112

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff Chris Howe ("Plaintiff") and McDonald's Corporation ("McDonald's") hereby submit the following Joint Rule 26(f) Report and discovery plan in connection with the telephonic meeting of counsel on May 6, 2016.

Pursuant to Rule 26(f), the parties met and conferred during a telephone conference on May 6, 2016, to discuss this Joint Rule 26 Report. Present for Plaintiff were Ben Elga of Cuneo Gilbert & LaDuca and Amy Boyle of Halunen Law. Present for McDonald's were Angel Garganta and Kimberly Culp of Venable, LLP.

## A.   **JURISDICTION**

### **Plaintiff's Position**

Plaintiff alleges this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a purported class action where a least one member of the putative class is alleged to be from a state different from that of McDonald's, and because Plaintiff alleges that the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Further, the number of members of the class is greater than 100.

/ / /

/ / /

3
JOINT RULE 26 REPORT AND DISCOVERY PLAN
5:16-CV- 00176-JGB-DTB

**Defendant's Position**

At this time, McDonald's agrees that this Court has subject matter jurisdiction.

B. **STATEMENT OF THE CASE**

**Plaintiff's Position**

This is a putative class action case. Plaintiff's Complaint alleges that McDonald's marketed and sold its "Mozzarella" Cheese Sticks as being made with "pure mozzarella," and "100% real cheese" despite the fact that the Sticks contained starch in violation of the federal standards of identity for "mozzarella" cheese, and contrary to reasonable consumers' expectations regarding the meaning of the term "mozzarella." Plaintiff alleges that he and the proposed putative Class members relied on the representations on the packaging of the Sticks, which he alleges were misleading, deceptive, unfair, and fraudulent. Therefore, Plaintiff alleges that McDonalds' conduct violates California's Unfair Competition Law, California's False Advertising Law, and California's Consumers Legal Remedies Act.

Plaintiff and Class Members are entitled to injunctive relief, restitution (in an appropriate amount as to be determined through discovery and/or expert testimony), statutory damages pursuant to the California Consumers Legal

Remedies Act, punitive damages, and the recovery of reasonable attorneys' fees and costs.

**Defendant's Position**

This case centers on Plaintiff's allegation that McDonald's Mozzarella Sticks (the "Sticks") are "adulterated" and "misbranded" because the Sticks are advertised as being made with "pure mozzarella," "real mozzarella," and "100% real cheese," when, according to Plaintiff, the mozzarella cheese used in the Sticks (the "Core Cheese") "contain[s] starch as a cheap substitute and filler," in alleged violation of 21 C.F.R. § 133.155.  McDonald's denies that the Sticks are adulterated or misbranded.  Plaintiff's allegations are based on flawed testing of the Sticks after the Sticks have been manufactured and cooked (and thus after starch and/or other ingredients in the breading may have mixed with the Core Cheese).

In fact, the Sticks are manufactured using Core Cheese that meets the standard of identity for low moisture part skim mozzarella cheese (*i.e.* 21 C.F.R. § 133.156), which is the type of mozzarella cheese used in the Sticks.  Documentary evidence and expert analysis show that the Core Cheese meets this standard of identity.

Importantly, the Wisconsin Department of Agriculture ("WDA") independently tested the Core Cheese and determined that it does not contain starch and meets the standard of identity for low moisture part skim mozzarella cheese. McDonald's has provided WDA's test results to Plaintiff.

Discovery in this case should initially be limited to this sole – and pivotal – issue: whether the Core Cheese does or does not contain starch. McDonald's is confident that the case will be disposed of on a motion for summary judgment on that sole issue.

## C.  LEGAL ISSUES

### Plaintiff's Position

Whether Plaintiff's claims should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### Defendant's Position

The dispute is primarily a factual one, namely, whether the Core Cheese used in the Sticks does or does not contain starch. McDonald's believes that this case can be resolved on a motion for summary judgment on that narrow factual issue. Resolution of that discrete issue, before the parties conduct burdensome discovery on all issues and before the Court addresses class certification, promotes the just, speedy, and inexpensive determination of this action.

Should the Court ever reach the class certification stage, Plaintiff's putative classes raise a number of legal issues, however, which indicate that those classes would not be suitable for certification, among others: (1) whether a class of consumers of the Sticks can be certified where the advertisements each putative class member saw likely varied; (2) whether a class of consumers of the Sticks can be certified when putative class members' understanding of advertising likely varied significantly; (3) whether a multi-state class requiring the application of the laws of forty-four jurisdictions can be certified;   (4) whether a nationwide class can be certified under the unjust enrichment law of a single state.

### D. PARTIES, EVIDENCE, ETC.

**Plaintiff's Position**

1. Parties: Plaintiff Chris Howe and Defendant McDonald's Corporation.

2. Witnesses: Plaintiff Chris Howe, expert witnesses called by the Parties to testify about damages, expert witnesses to testify about whether the Sticks were adulterated, and representatives of Defendant.

3. Key Documents: Photographs of the advertising and labeling of the Sticks; documents with testing data related to the Sticks; production chains related to the Sticks; sales data related to the Sticks; other documents are unknown at this time.

///

**Defendant's Position**

The parties are Plaintiff Chris Howe and Defendant McDonald's Corporation. The witnesses with knowledge of whether the Core Cheese contains starch or not would likely include Plaintiff (to the extent Plaintiff intends to rely on the testing he allegedly had performed on the Sticks), representatives of McDonald's, any third parties or agents Plaintiff used to test the Sticks, and third parties with knowledge of the manufacture of the Core Cheese.

McDonald's proposes an early dispositive motion on the issue of whether the Core Cheese contains starch. The evidence at issue on that motion would be limited and focused primarily on the manufacturing of and ingredients in the Core Cheese.

If the case cannot be resolved at summary judgment on the foregoing distinct factual issue, additional evidence would likely include Plaintiff's records relating to his purchase of the Sticks, advertisements and marketing materials from McDonald's relating to the Sticks, and sales figures for the Sticks.

E.     **DAMAGES**

**Plaintiff's Position**

Plaintiff alleges that this matter exceeds the sum or value of $5,000,000 given that McDonald's sold the Sticks to thousands of consumers.

8

JOINT RULE 26 REPORT AND DISCOVERY PLAN
5:16-CV- 00176-JGB-DTB

**Defendant's Position**

McDonald's believes that there is no merit to Plaintiff's claims because the Sticks are made with Core Cheese that meets the relevant standard of identity, and are thus neither adulterated nor misbranded. Accordingly, Plaintiff will not be able to prove any damages.

## F. INSURANCE

McDonald's has put its insurers on notice of its claims but has not yet received any response regarding coverage.

## G. MOTIONS

**Plaintiff's Position**

Plaintiff anticipates bringing a Motion for Class Certification.

**Defendant's Position**

As explained below, McDonald's proposes a phased-discovery plan, in which the first phase would consist of discovery into the narrow issue of whether the Core Cheese contains starch. After that first phase of discovery, McDonald's proposes that the parties be permitted to file a summary judgment motion on the issue of whether the Core Cheese contains impermissible starch (*i.e.*, whether the Sticks are adulterated and/or misbranded). If the case is not resolved on that

motion, then the parties would proceed to additional discovery and Plaintiff would file a motion for class certification, which McDonald's would oppose.

## H. MANUAL FOR COMPLEX LITIGATION

### Plaintiff's Position

Plaintiff's position is that the Manual for Complex Litigation should be used to govern this case.

### Defendant's Position

McDonald's agrees that the Manual for Complex Litigation should be utilized, and notes that the Manual confirms McDonald's approach that "[b]efore ruling on class certification, a judge should address the following matters at an early stage in the case, typically in initial case-management conference under Rule 16: *Whether to hear and determine threshold dispositive motions, particularly motions that do not require extensive discovery, before hearing and determining class certification motions.* Motions such as . . . summary judgment may be decided before a motion to certify the class, although such precertification rulings bind only the named parties. If the judge decides to hear such threshold motions before ruling on class certification, the initial scheduling order should set a timetable for the submission of motions for briefs and for any necessary discovery." Manual at 246, Emphasis in Original.

## I. STATUS OF DISCOVERY

### Plaintiff's Position

The Parties have not begun discovery. Discovery yet to be completed includes: interrogatories and document requests, expert disclosures, and depositions of factual and expert witnesses key witnesses.

### Defendant's Position

Formal discovery has not yet commenced in this case.

## J. DISCOVERY PLAN

### Plaintiff's Position

Plaintiff agrees to McDonald's proposed phased-discovery plan and agrees that the first phase of discovery will be limited to the issue of whether the Sticks' Core Cheese contains starch.

### Defendant's Position

McDonald's proposes a phased-discovery plan. The first phase of discovery would be on the issue of whether the Sticks' Core Cheese contains starch. McDonald's is confident that summary judgment in its favor will be appropriate after that phase of discovery is complete, as there will be no issue of material fact or law on the question of whether the Sticks are adulterated or misbranded. In the event the case is not disposed of following McDonald's motion for summary

judgment on this central issue, McDonald's proposes a second case management conference to determine the remaining issues and set a discovery plan for those issues.

### K. DISCOVERY CUT-OFF

**Plaintiff's Position**

Plaintiff is agreeable to the dates proposed by Defendant.

**Defendant's Position**

McDonald's proposes that the fact discovery cut-off on the first phase of discovery needed for summary judgment to be heard be November 18, 2016.

### L. EXPERT DISCOVERY

**Plaintiff's Position**

Plaintiff is agreeable to the dates proposed by Defendant.

**Defendant's Position**

McDonald's proposes that initial expert disclosures be served on February 1, 2017 and that rebuttal expert disclosures be served on April 3, 2017. McDonald's proposes that the expert discovery cut-off on the first phase of discovery be April 28, 2017.

///

## M.    DISPOSITIVE MOTIONS

### Plaintiff's Position

Plaintiff does not believe the issues or claims in this case may be determined by motion for summary judgment or motion in limine at this time. However, Plaintiff is agreeable to the July 24, 2017 date for Defendant's motion for summary judgment.

### Defendant's Position

McDonald's proposes that its motion for summary judgment on the issue of whether the Sticks are adulterated and/or misbranded be heard on July 24, 2017.

## N.    SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)

### Plaintiff's Position

The Parties have exchanged correspondence and had telephone discussion about the potential for early resolution but have not come to any agreement. The Parties request a settlement conference with the assigned Magistrate Judge.

### Defendant's Position

The parties have engaged in an exchange of written communications pursuant to Federal Rule of Evidence 408. McDonald's does not believe a formal settlement conference would be useful at this time.

/ / /

O. **TRIAL ESTIMATE**

**Plaintiff's Position**

Plaintiff estimates that trial by jury would take approximately two weeks. Plaintiff cannot specify how many witnesses he would call at trial because the Parties have not begun discovery; however, he would estimate calling approximately 5-10 witnesses.

**Defendant's Position**

McDonald's cannot provide a trial estimate at this time because summary judgment on the issue of whether the Core Cheese contains starch will likely significantly narrow, if not completely dispose of, the issues in dispute.

P. **TRIAL COUNSEL**

   1. Plaintiff's Counsel: John Donboli, Camille Joy DeCamp, Charles LaDuca, Benjamin Elga, and Melissa Wolchansky.

   2. Defendant's Counsel: Angel A. Garganta, Kimberly Culp Cloyd, and Robert L. Meyerhoff.

Q. **INDEPENDENT EXPERT OR MASTER**

The Parties do not believe the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

/ / /

**R. TIMETABLE**

See attached Exhibit A: Schedule of Pretrial and Trial Dates.

**S. OTHER ISSUES**

The parties agree and stipulate to extending the deadline by which Plaintiffs have to file their motion for class certification to a date set by the Court at a later status conference. The class certification hearing date should be set following the first phase of discovery, a ruling on Defendant's summary judgment motion, and after class discovery has been conducted.

The Parties do not anticipate other issues that should be addressed at this time.

Dated: May 9, 2016                        DEL MAR LAW GROUP, LLP

By: /s/ *Camille Joy DeCamp*
John H. Donboli
Camille Joy DeCamp

CUNEO GILBERT & LADUCA, LLP
Charles J. LaDuca
Benjamin D. Elga

HALUNEN LAW
Melissa W. Wolchansky

Attorneys for Plaintiff Chris Howe

VENABLE, LLP

By: /s/ *Kimberly Culp*
Angel A. Garganta
Kimberly Culp

Attorneys for Defendant McDonald's Corporation